UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL WRIGHT p/k/a WONDER MIKE and GUY O'BRIEN p/k/a MASTER G, collectively p/k/a THE SUGARHILL GANG,

Plaintiffs

vs.

RHINO ENTERTAINMENT COMPANY, THE SANCTUARY GROUP, PLC, SUGAR HILL MUSIC PUBLISHING, LTD., and JOSEPH ROBINSON, JR.

Defendants.

Civil Action No. 06 CV 10167

RECEIVED
OCT 19 2006
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT AND JURY DEMAND

Plaintiffs MICHAEL WRIGHT p/k/a WONDER MIKE and GUY O'BRIEN p/k/a MASTER G, collectively p/k/a THE SUGARHILL GANG, through their undersigned attorneys Troutman Sanders LLP, hereby complain of defendants as follows:

## JURISDICTIONAL STATEMENT

**1.** Jurisdiction. This action arises under the Lanham Act 15 U.S.C. § 1125, the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the laws of the state of New York. Jurisdiction is conferred by 28 U.S.C. §§ 1331, 1338 & 1367(a).

**2.** Plaintiff Michael Wright p/k/a Wonder Mike is a citizen of the state of New Jersey.

**3.** Plaintiff Guy O'Brien p/k/a Master G is a citizen of the state of Illinois.

4. Upon information and belief, defendant Rhino Entertainment Company ("Rhino") is a corporation organized and existing under the laws of the state of Delaware with an office at 75 Rockefeller Plaza, New York, New York 10019.

5. Upon information and belief defendant Sanctuary Group PLC ("Sanctuary") is a corporation organized and existing under the laws of the United Kingdom with a principle place of business at London, United Kingdom and an office in this judicial.

6. Upon information and belief defendant Sugar Hill Music Publishing, Ltd. ("Sugar Hill") is a corporation organized and existing under the laws of the State of New Jersey with a principle place of business at Englewood, New Jersey.

7. Upon information and belief defendant Joseph Robinson, Jr. ("Robinson") is an individual residing at Englewood, New Jersey.

8. Upon information and belief, defendants Rhino, Sanctuary, Sugar Hill and Robinson (collectively, "Defendants" or "defendants") transact substantial business in this judicial district and derives substantial revenues from business in this judicial district. Upon information and belief, the alleged conduct of defendants complained of herein has occurred in various locals, including in this judicial district.

9. Venue is proper in this judicial district as it is the location of a substantial part of the events or omissions giving rise to the claim occurred and it is a judicial district in which all defendants may be found.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Plaintiff Michael Wright p/k/a Wonder Mike ("Wright") and Plaintiff Guy O'Brien p/k/a Master G ("O'Brien"), always have been members of the musical group known as the Sugarhill Gang.

11. The Sugarhill Gang consisted of Wright, O'Brien and Henry Jackson p/k/a "Big Bang Hank" ("Jackson").

12. The Sugarhill Gang is credited with inaugurating the history of recorded rap music with their recording of the musical composition, Rapper's Delight. Rappers Delight was a multi-platinum seller and worldwide hit in the late 1970's and early 1980's. Upon information and belief, the single Rapper's Delight sold over 10,000,000 copies worldwide.

13. Through their recording of Rapper's Delight, and then their continued recording and performances, plaintiffs have gained widespread recognition as the progenitors of one of the major musical genres – rap or "hip-hop".

14. Rapper's Delight consists of vocal performances and background music. Wright wrote the lyrics that he performed under his pseudonym, "Wonder Mike" and O'Brien wrote the lyrics that he performed under his pseudonym, "Master G". Upon information and belief, the lyrics performed by Jackson were written either by either Jackson or Curtis Brown, p/k/a Grand Master Caz. Plaintiffs were not involved in writing (or selecting) the non-lyrical portion of Rapper's Delight.

15. Wright has continued to write compositions, record and perform as a member of the Swahili Gang since 1979. At all such times, Wright has recorded and performed under his pseudonym "Wonder Mike". At all such time the relevant purchasing public has referred to Wright as "Wonder Mike".

16. O'Brien has continued to write compositions, record and perform as a member of the Sugarhill Gang since 1979. At all such times, O'Brien has recorded and performed under his pseudonym "Master G". At all such time the relevant purchasing public has referred to O'Brien as "Master G".

## FIRST CLAIM
## Against Joseph Robinson, Jr. – Lanham Act and Declaratory Judgment

**17.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**18.** This cause of action arises under the under 28 U.S.C. § 2201 and the Lanham Act, 15 U.S.C. § 1051 et seq.

**19.** Subject matter jurisdiction for this claim is based on 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

**20.** Wright is the owner of the trademark "Wonder Mike" when used in connection with entertainment services.

**21.** Wright has used the trademark "Wonder Mike" in connection with entertainment services for more than twenty five (25) years.

**22.** In connection with entertainment services, the relevant purchasing public associates "Wonder Mike" with Wright.

**23.** Upon information and belief, defendant Joseph Robinson, Jr., ("Robinson") alleges that he is a member of the Sugarhill Gang.

**24.** Upon information and belief, at concerts wherein Robinson performs, he lip synchs without informing the audience that he is doing so.

**25.** Upon information and belief, Robinson has been urging that he and others are the owners of and have the right to perform under the name "Wonder Mike".

**26.** Upon information and belief, with full knowledge of Wright's trademark rights, Robinson filed trademark application 78/623965 for the trademark "Wonder Mike" for use in connection with entertainment services.

**27.** A true and accurate copy of trademark application 78/623965 for the trademark "Wonder Mike" is attached hereto as Exhibit A.

**28.** Upon information and belief, in connection with trademark application 78/623965, and in order to convince the United States Patent and Trademark Office (the "PTO") to allow his registration of the trademark, Robinson falsely alleged, under oath, that "Wonder Mike" does not refer to a living individual.

**29.** A true and accurate copy of Robinson's declaration is attached hereto as Exhibit B.

**30.** Wright asserts that Robinson has no rights in and/or to the trademark "Wonder Mike".

**31.** By reason of Robinson's claims of trademark ownership, the denial of those claims as set forth herein, a controversy that is justiciable in nature exists between Wright and Robinson with respect to the ownership of the trademark "Wonder Mike".

**SECOND CLAIM**
**Against Joseph Robinson, Jr. – Lanham Act and Declaratory Judgment**

**32.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**33.** This cause of action arises under the under 28 U.S.C. § 2201 and the Lanham Act, 15 U.S.C. § 1051 et seq.

**34.** Subject matter jurisdiction for this claim is based on 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

**35.** O'Brien is the owner of the trademarks "Master Gee" and "Master G" when used in connection with entertainment services.

**36.** O'Brien has used the trademark "Master Gee" and "Master G" in connection with entertainment services for more than twenty five (25) years.

**37.** In connection with entertainment services, the relevant purchasing public associates "Master Gee" and "Master G" with O'Brien.

**38.** Upon information and belief, Robinson has been urging that he and others are the owners of and have the right to perform under the names "Master Gee" and "Master G".

**39.** Upon information and belief, with full knowledge of O'Brien's trademark rights, Robinson filed trademark application 78/623950 for the trademark "Master G" for use in connection with entertainment services.

**40.** A true and accurate copy of trademark application 78/623950 for the trademark "Master G" is attached hereto as Exhibit C.

**41.** Upon information and belief, in connection with trademark application 78/623950, and in order to convince the United States Patent and Trademark Office to allow his registration of the trademark, Robinson falsely alleged, under oath, that "Master G" does not refer to a living individual.

**42.** A true and accurate copy of Robinson's declaration is attached hereto as Exhibit D.

**43.** Upon information and belief, in reliance on Robinson's false declaration, on or about July 15, 2006, the PTO allowed Robinson's application 78/623950 for "Master G" to proceed to publication.

**44.** A true and accurate copy of the PTO's notice is attached hereto as Exhibit E.

**45.** Upon information and belief, with full knowledge of O'Brien's trademark rights, Robinson filed trademark application 78/623958 for the trademark "Master Gee" for use in connection with entertainment services.

**46.** A true and accurate copy of trademark application 78/623958 for the trademark "Master Gee" is attached hereto as Exhibit F.

**47.** Upon information and belief, in connection with trademark application 78/623958, and in order to convince the United States Patent and Trademark Office to allow his registration of the trademark, Robinson falsely alleged, under oath, that "Master Gee" does not refer to a living individual.

**48.** A true and accurate copy of Robinson's declaration is attached hereto as Exhibit G.

**49.** Upon information and belief, in reliance on Robinson's false declaration, on or about July 25, 2006, the PTO allowed Robinson's application 78/623958 for "Master Gee" to proceed to publication.

**50.** A true and accurate copy of the PTO's notice is attached hereto as Exhibit H.

**51.** O'Brien asserts that Robinson has no rights in and/or to the trademarks "Master G" and "Master Gee".

**52.** By reason of Robinson's claims of trademark ownership, the denial of those claims as set forth herein, a controversy that is justiciable in nature exists between O'Brien and Robinson with respect to the ownership of the trademarks "Master G" and "Master Gee".

**THIRD CLAIM**
**Against Joseph Robinson, Jr. – Lanham Act**

**53.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**54.** This cause of action arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

**55.** Subject matter jurisdiction for this claim is based on 28 U.S.C. §§ 1331 and 1338.

**56.** Upon information and belief, Robinson has been performing with the trade name and/or compelling others to perform with the trade name "Wonder Mike".

**57.** Upon information and belief, Robinson has been performing with the trade name and/or compelling others to perform with the trade name "Master Gee".

**58.** Upon information and belief, Robinson has been performing with the trade name and/or compelling others to perform with the trade name "Master G".

**59.** Upon information and belief, Robinson's conduct has been in violation of plaintiffs' rights in and to their trademarks.

**60.** Upon information and belief, Robinson's conduct has resulted in significant consumer confusion.

**61.** Upon information and belief, Robinson's conduct has resulted in significant consumers believing that Robinson and or others operating at his direction, are plaintiffs.

**62.** Upon information and belief, Robinson's conduct has resulted in significant consumers believing that Robinson and or others operating at his direction, are affiliated with, or otherwise approved, endorsed and/or sponsored by plaintiffs.

**63.** Upon information and belief, Robinson is considered to be an inadequate performer.

**64.** Upon information and belief, Robinson deceives the audience into believing that he is performing when he is only "lip-synching".

**65.** Upon information and belief, audiences that see Robinson and/or others that are operating at his direction performing under the names "Master Gee" "Master G" and/or "Wonder Mike" believe that they are viewing an inferior product.

**66.** Upon information and belief, by his acts, Robinson is infringing plaintiffs' trademark and engaging in unfair competition, all in violation of 15 U.S.C. § 1125.

**67.** As a direct and proximate result of Robinson's objectionable and unlawful conduct, plaintiffs have been damaged in an amount to be determined at trial, but which is no less than a sum of $100,000.00.

**FOURTH CLAIM**

**Against Joseph Robinson, Jr. – Lanham Act and Declaratory Judgment**

**68.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**69.** This cause of action arises under the under 28 U.S.C. § 2201 and the Lanham Act, 15 U.S.C. § 1051 et seq.

**70.** Subject matter jurisdiction for this claim is based on 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

**71.** O'Brien and Wright have been performing under the trade name "Sugarhill Gang" for more than twenty five (25) years.

**72.** In connection with musical performances, the relevant purchasing public associates plaintiffs with the name "Sugarhill Gang".

**73.** Upon information and belief, Robinson has been urging that he and others are the owners of and have the right to perform under the name "Sugarhill Gang".

**74.** Upon information and belief, with full knowledge of plaintiffs' trademark rights, Robinson filed trademark application 78/082064, which matured into registration number 2,663,293 for the trademark "Sugarhill Gang" for use in connection with entertainment services.

**75.** Upon information and belief, in connection with trademark application 78/082064, and in order to convince the United States Patent and Trademark Office to allow his registration of the trademark, Robinson falsely alleged, under oath, that no other individuals have the right to use the trademark "Sugarhill Gang".

**76.** Upon information and belief, in reliance on Robinson's false declaration, the PTO granted said registration.

**77.** Plaintiffs assert that Robinson has no rights in and/or to the trademark "Sugarhill Gang".

**78.** By reason of Robinson's claims of trademark ownership, the denial of those claims as set forth herein, a controversy that is justiciable in nature exists between Plaintiffs and Robinson with respect to the ownership of the trademarks "Sugarhill Gang".

**FIFTH CLAIM**
**Against Joseph Robinson, Jr. – Lanham Act**

**79.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**80.** This cause of action arises under the under the Lanham Act, 15 U.S.C. § 1051 et seq.

**81.** Subject matter jurisdiction for this claim is based on 28 U.S.C. §§ 1331, and 1338.

**82.** Plaintiffs have the right to perform under the name "Sugarhill Gang".

**83.** Upon information and belief, Robinson and/or his agents have written to third parties alleging that plaintiffs do not have the right to use the name "Sugarhill Gang".

**84.** Upon information and belief, Robinson and/or his agents have misrepresented the nature of plaintiffs' music performing services, and have told others that plaintiffs are not the Sugarhill Gang.

**85.** Upon information and belief, Robinson and/or his agents have made the foregoing statements in commerce.

**86.** Upon information and belief, the statements by Robinson and/or his agents have confused the relevant purchasing public.

**87.** Upon information and belief, the statements by Robinson and/or his agent have damaged plaintiffs in an amount to be determined at trial.

## SIXTH CLAIM
## Against Sugar Hill Music Publishing – Breach of Contract and Rescission

**88.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**89.** This cause of action arises under the laws of the state of New York.

**90.** Subject matter jurisdiction for this cause of action exists pursuant to 28 U.S.C. § 1367.

**91.** Sugar Hill claims to be plaintiffs' successor in interest to their copyright ownership of the Compositions pursuant to an alleged songwriter agreement with plaintiffs, under which Sugar Hill was obliged to periodically account and make royalty payments to plaintiffs.

**92.** Plaintiffs have never been parties to any agreement and/or contract under which the copyrights to their Compositions would be owned by Sugar Hill.

**93.** To the extent any purported songwriter agreement and/or any other contract exists, within the applicable limitations period, Sugar Hill has failed and refused and continues to fail and refuse to account to plaintiffs for any income derived thereunder or to tender any payments to plaintiffs from any of Sugar Hill's exploitation of the Compositions.

**94.** To the extent that any alleged songwriter agreement is authentic, valid and binding, plaintiffs elect to rescind it and/or any other agreement the Court finds to have been made (if any) pertaining to any of the Compositions and this pleading is notice thereof. Plaintiffs offer to restore to Sugar Hill everything of value they have allegedly received from Sugar Hill under the purported songwriter agreement and demand that Sugar Hill do likewise by restoring to them everything of value it has received.

**95.** Within the applicable period of limitations Sugar Hill has breached any such music publishing agreements by failing to account to plaintiffs for all their writer royalties.

**96.** Plaintiffs have performed all conditions required of them under any such publishing agreement.

**97.** As a direct and proximate result of Sugar Hill's breaches, plaintiffs have been damaged in an amount to be determined at trial.

**98.** Plaintiffs seek confirmation of their rescission herein and pursue royalties under any such publishing agreements only in the event the Court declines to confirm their election to rescind.

**SEVENTH CLAIM**
**Declaratory Judgment Against Joseph Robinson, Jr.**

**99.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**100.** This cause of action arises under 28 U.S.C. § 2201 and the laws of the State of New York.

**101.** Subject matter jurisdiction for this cause of action is based on 28 U.S.C. §§ 1367, 2201 and 2202.

**102.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**103.** On or about August 25, 1979 plaintiffs signed a written contract with the Sylvia, Inc. ("Sylvia") as recording artists pursuant to which plaintiffs recorded various sound recordings and Sylvia was to account for and pay to plaintiffs royalties accrued to them from the exploitation of the same (the "Artist Agreement.")

**104.** An actual controversy has arisen in that plaintiffs contend they are entitled to two/third of all royalties accrued under the Artist Agreement, whereas Joseph Robinson contends that he is entitled to plaintiffs' two/third share of such royalties.

**105.** Plaintiffs are entitled to a judicial declaration setting forth their undivided two/third interests in all royalties accrued under the Artist Agreement.

**EIGHTH CLAIM**
**Breach of Contract Against Rhino**

**106.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**107.** This cause of action arises under the laws of the State of New York.

**108.** Subject matter jurisdiction for this cause of action exists pursuant to 28 U.S.C. § 1367.

**109.** Upon information and belief, defendant Rhino is the successor to Sylvia's interests in and to the Artist Agreement with respect to North America and is the owner of plaintiffs' sound recordings in said territory, and is thereby obligated to pay to plaintiffs all sums owing to them under the Artist Agreement.

**110.** Within the applicable period of limitations Rhino has failed and refused and continues to fail and refuse to account to plaintiffs for any income due them under the Artist Agreement or to tender any payments to plaintiffs any share of income from Rhino's and Sanctuary's exploitation of plaintiffs' sound recordings.

**111.** Plaintiffs have performed all conditions required of them under said Artist Agreement.

**112.** Plaintiffs elect to rescind the Artist Agreement and this pleading is notice thereof. Plaintiffs offer to restore to defendants everything of value they have received from defendants under the agreement and demand that defendants do likewise by restoring to them everything of value they have received.

**113.** Plaintiffs are entitled to restoration of any copyright ownership transferred under the Artist Agreement and money owing as a consequence of such rescission, including any income received by defendants from the exploitation of plaintiffs' copyright interests.

**114.** As a direct and proximate result of Rhino's breaches, plaintiffs have been damaged in an amount to be determined at trial.

**115.** Plaintiffs herein seek to confirm their rescission of the Artist Agreement and pursue royalties thereunder only in the event the Court declines to confirm their rescission election.

**NINTH CLAIM**
**Breach of Contract Against Sanctuary**

**116.** To the extent applicable, O'Brien incorporates by reference the allegations set forth above.

**117.** This cause of action arises under the laws of the State of New York.

**118.** Subject matter jurisdiction for this cause of action exists pursuant to 28 U.S.C. § 1367.

**119.** Upon information and belief, defendant Sanctuary is the successor to Sylvia's interests in and to the Artist Agreement with respect to countries outside of North America and is the owner of O'Brien's sound recordings in said territory, and is thereby obligated to pay to O'Brien all sums owing to him under the Artist Agreement.

**120.** Within the applicable period of limitations Sanctuary has failed and refused and continues to fail and refuse to account to O'Brien for any income due him under the Artist Agreement or to tender any payments to O'Brien any share of income from Sanctuary's exploitation of O'Brien's sound recordings.

**121.** O'Brien has performed all conditions required of him under said Artist Agreement.

**122.** O'Brien elects to rescind the Artist Agreement and this pleading is notice thereof. O'Brien offers to restore to Sanctuary everything of value he has received from Sanctuary under the agreement and demand that Sanctuary do likewise by restoring to him everything of value it has received. Upon information and belief, the Court already has rescinded this Artist Agreement.

**123.** O'Brien is entitled to restoration of any copyright ownership transferred under the Artist Agreement and money owing because of such rescission, including any income received by defendants from the exploitation of O'Brien's copyright interests.

**124.** As a direct and proximate result of Sanctuary's conduct complained of herein, O'Brien has been damaged in an amount to be determined at trial.

**125.** Plaintiff O'Brien herein seeks to confirm his rescission of the Artist Agreement and pursue royalties thereunder only in the event the Court declines to confirm his rescission election.

**WHEREFORE**, Plaintiffs pray for relief on this Complaint and respectfully request that the Court:

a) Declare that Wright is the Owner of the trademark "**Wonder Mike**";

b) Declare that O'Brien is the Owner of the trademarks "**Master G**" and "**Master Gee**";

c) Declare that Plaintiffs are the Owners of the trademark "**Sugarhill Gang**"

d) Enjoin defendants and their respective officers, agents, servants, employees, attorneys, successors and assignees and all persons in active concert or participation with either, or any of them, from interfering with Plaintiffs right to exploit the trademarks **Wonder Mike, Master G, Master Gee** and **Sugarhill Gang**;

e) Rescind all contracts:

    i. between Plaintiffs and Sugar Hill;

ii. between Plaintiffs and Sylvia;

iii. between Plaintiffs and Rhino;

iv. between plaintiff O'Brien and Sanctuary;

f) Order defendants to account to plaintiffs for all exploitation of plaintiffs' recordings;

g) Award plaintiffs a full recovery for defendants' unlawful acts;

h) Award plaintiffs their costs associated with this action, including an award of reasonable attorney's fees for this action.

i) Award plaintiffs any further relief as justice may require, or as this Court deems necessary.

Dated: October 19, 2006
New York, New York

**Troutman Sanders LLP**

By: ______________________
Oren J. Warshavsky (OW-9469)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 704-6000
Facsimile: (212) 704-8356
e-mail: oren.warshavsky@troutmansanders.com.
Incoming Counsel for Plaintiffs

*Counsel to Plaintiffs*

EXHIBIT “A”

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 78623965**
**Filing Date: 05/05/2005**

---

**The table below presents the data as entered.**

| | |
|---|---|
| **MARK SECTION** | |
| MARK | WONDER MIKE |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | WONDER MIKE |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **OWNER SECTION** | |
| NAME | Joseph R. Robinson, Jr. |
| STREET | 433 Liberty Road |
| CITY | Englewood |
| STATE | NJ |
| ZIP/POSTAL CODE | 07631 |
| COUNTRY | United States |
| PHONE | (201) 503-1344 |
| EMAIL | trademarkadmin@ldlkm.com |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| **LEGAL ENTITY SECTION** | |
| TYPE | INDIVIDUAL |
| COUNTRY OF CITIZENSHIP | United States |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 025 |
| DESCRIPTION | APPAREL |
| FILING BASIS | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 041 |
| DESCRIPTION | ENTERTAINMENT SERVICES NAMELY LIVE MUSICAL PERFORMANCES |
| FILING BASIS | Section 1(b) |

| SIGNATURE SECTION | |
|---|---|
| SIGNATURE | /Robert B. Cohen/ |
| SIGNATORY NAME | Robert B. Cohen |
| SIGNATORY DATE | 05/05/2005 |
| SIGNATORY POSITION | Attorney of Record |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES | 2 |
| NUMBER OF CLASSES PAID | 2 |
| SUBTOTAL AMOUNT | 650 |
| TOTAL AMOUNT | 650 |
| **ATTORNEY** | |
| NAME | Robert B. Cohen |
| FIRM NAME | Lerner, David, Littenberg, Krumholz & Mentlik, LLP |
| STREET | 600 South Avenue West |
| CITY | Westfield |
| STATE | NJ |
| ZIP/POSTAL CODE | 07090 |
| COUNTRY | United States |
| PHONE | (908) 654-5000 |
| FAX | (908) 654-7866 |
| EMAIL | trademarkadmin@ldlkm.com |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| ATTORNEY DOCKET NUMBER | ROBINS 10.0-006 |
| OTHER APPOINTED ATTORNEY(S) | Raymond W. Augustin, Michael N. Berg, Daniel H. Bobis, Richard J. Botos, Michael D. Braunstein, April M. Capati, Konstantin A. Caploon, Scott E. Charney, Frank J. Chesky, Raymond B. Churchill, Jr., Harvey L. Cohen, Robert B. Cohen, Jonathan A. David, Sidney David, Jeffrey S. Dickey, Michael J. Doherty, Arnold B. Dompieri, Kelly I. Dunham, Russell W. Faegenburg, Shawn P. Foley, Raymond Garguilo, Jr., Gregory S. Gewirtz, Keith E. Gilman, Stephen B. Goldman, Matthew E. Hanley, Douglas T. Hudson, Kelly Y. Hwang, Samantha M. Kameros, Charles P. Kennedy, Paul H. Kochanski, Arnold H. Krumholz, Joseph B. Lerch, Lawrence I. Lerner, Joseph S. Littenberg, William L. Mentlik, Marcus J. Millet, Daryl K. Neff, John R. Nelson, George K. Ng, Thomas M. Palisi, Bruno Polito, Steven Procaccini, Stephen F. Roth, Lawrence E. Russ, Bruce H. Sales, Dennis M. Smid, Michael H. Teschner, Roy H. Wepner, Daniel J. Woods, Andrew T. Zidel |
| **CORRESPONDENCE SECTION** | |
| NAME | Robert B. Cohen |
| FIRM NAME | Lerner, David, Littenberg, Krumholz & Mentlik, LLP |
| STREET | 600 South Avenue West |
| CITY | Westfield |

| | |
|---|---|
| STATE | NJ |
| ZIP/POSTAL CODE | 07090 |
| COUNTRY | United States |
| PHONE | (908) 654-5000 |
| FAX | (908) 654-7866 |
| EMAIL | trademarkadmin@ldlkm.com |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| **FILING INFORMATION** | |
| SUBMIT DATE | Thu May 05 15:44:25 EDT 2005 |
| TEAS STAMP | USPTO/BAS-20799970-200505 05154425763537-78623965-2 00bc42ca11ddcf4b995c297e9 a58302c3a-DA-219-20050505 153951916514 |

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

**Trademark/Service Mark Application, Principal Register**

**Serial Number: 78623965**
**Filing Date: 05/05/2005**

## To the Commissioner for Trademarks:

**MARK:** (Standard Characters, see mark)
The mark consists of standard characters, without claim to any particular font, style, size, or color.
The literal element of the mark consists of WONDER MIKE.
The applicant, Jr. Joseph R. Robinson, a citizen of United States, residing at 433 Liberty Road, Englewood, NJ, United States, 07631, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).
International Class 025: APPAREL
International Class 041: ENTERTAINMENT SERVICES NAMELY LIVE MUSICAL PERFORMANCES
The applicant hereby appoints Robert B. Cohen and Raymond W. Augustin, Michael N. Berg, Daniel H. Bobis, Richard J. Botos, Michael D. Braunstein, April M. Capati, Konstantin A. Caploon, Scott E. Charney, Frank J. Chesky, Raymond B. Churchill, Jr., Harvey L. Cohen, Robert B. Cohen, Jonathan A. David, Sidney David, Jeffrey S. Dickey, Michael J. Doherty, Arnold B. Dompieri, Kelly I. Dunham, Russell W. Faegenburg, Shawn P. Foley, Raymond Garguilo, Jr., Gregory S. Gewirtz, Keith E. Gilman, Stephen B. Goldman, Matthew E. Hanley, Douglas T. Hudson, Kelly Y. Hwang, Samantha M. Kameros, Charles P. Kennedy, Paul H. Kochanski, Arnold H. Krumholz, Joseph B. Lerch, Lawrence I. Lerner, Joseph S. Littenberg, William L. Mentlik, Marcus J. Millet, Daryl K. Neff, John R. Nelson, George K. Ng, Thomas M. Palisi, Bruno Polito, Steven Procaccini, Stephen F. Roth, Lawrence E. Russ, Bruce H. Sales, Dennis M. Smid, Michael H. Teschner, Roy H. Wepner, Daniel J. Woods, Andrew T. Zidel of Lerner, David, Littenberg, Krumholz & Mentlik, LLP, 600 South Avenue West, Westfield, NJ, United States, 07090 to submit this application on behalf of the applicant. The attorney docket/reference number is ROBINS 10.0-006.
The USPTO is authorized to communicate with the applicant or its representative at the following email address: trademarkadmin@ldlkm.com.
A fee payment in the amount of $650 will be submitted with the application, representing payment for 2 class(es).

**Declaration**

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration,

declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /Robert B. Cohen/ Date: 05/05/2005
Signatory's Name: Robert B. Cohen
Signatory's Position: Attorney of Record
Mailing Address:
Robert B. Cohen
600 South Avenue West
Westfield, NJ 07090
RAM Sale Number: 219
RAM Accounting Date: 05/06/2005
Serial Number: 78623965
Internet Transmission Date: Thu May 05 15:44:25 EDT 2005
TEAS Stamp: USPTO/BAS-20799970-20050505154425763537-
78623965-200bc42ca11ddcf4b995c297e9a5830
2c3a-DA-219-20050505153951916514

# WONDER MIKE

EXHIBIT "B"

TRADEMARK
ROBINS 10.0-006

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of<br>Joseph R. Robinson, Jr..<br><br>Serial No. 78/623,965<br><br>Filed: May 5, 2005<br><br>Mark: WONDER MIKE | Law Office: 106<br><br>Classes: 025, 041<br><br>Trademark Attorney:<br>Pamela Y. Willis |

Commissioner for Trademarks
P. O. Box 1451
Alexandria, Virginia 22313-1451

**RESPONSE**

This is in response to the official action dated December 03, 2005.

**AMENDMENT**

Please amend the identification of goods by inserting after "apparel" the following -- namely, hats, shirts, pants, jackets, underwear and socks. --

Please amend the application by inserting -- WONDER MIKE does not identify a particular living individual. --

**REMARKS**

The examining attorney failed to find any mark in the Patent and Trademark Office records which would bar registration based on likelihood of confusion. However, the

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as First Class Mail in an envelope addressed to Commissioner for Trademarks, P. O. Box 1451, Alexandria, VA 22313-1451 on June 5, 2006.

(Signature)

Bruce H. Sales
(Typed or Printed Name of Person Signing Certificate)

06-08-2006

U.S. Patent & TMOfc/TM Mail Rcpt Dt. #34

EXHIBIT "C"

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 78623950**
**Filing Date: 05/05/2005**

---

**The table below presents the data as entered.**

| | |
|---|---|
| **MARK SECTION** | |
| MARK | MASTER G |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | MASTER G |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **OWNER SECTION** | |
| NAME | Joseph R. Robinson, Jr. |
| STREET | 433 Liberty Road |
| CITY | Englewood |
| STATE | NJ |
| ZIP/POSTAL CODE | 07631 |
| COUNTRY | United States |
| PHONE | (201) 503-1344 |
| AUTHORIZED EMAIL COMMUNICATION | No |
| **LEGAL ENTITY SECTION** | |
| TYPE | INDIVIDUAL |
| COUNTRY OF CITIZENSHIP | United States |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 025 |
| DESCRIPTION | APPAREL |
| FILING BASIS | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 041 |
| DESCRIPTION | ENTERTAINMENT SERVICES NAMELY LIVE MUSICAL PERFORMANCES |
| FILING BASIS | Section 1(b) |
| **SIGNATURE SECTION** | |

| | |
|---|---|
| SIGNATURE | /Robert B. Cohen/ |
| SIGNATORY NAME | Robert B. Cohen |
| SIGNATORY DATE | 05/05/2005 |
| SIGNATORY POSITION | Attorney of Record |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES | 2 |
| NUMBER OF CLASSES PAID | 2 |
| SUBTOTAL AMOUNT | 650 |
| TOTAL AMOUNT | 650 |
| **ATTORNEY** | |
| NAME | Robert B. Cohen |
| FIRM NAME | Lerner, David, Littenberg, Krumholz & Mentlik, LLP |
| STREET | 600 South Avenue West |
| CITY | Westfield |
| STATE | NJ |
| ZIP/POSTAL CODE | 07090 |
| COUNTRY | United States |
| PHONE | (908) 654-5000 |
| FAX | (908) 654-7866 |
| EMAIL | trademarkadmin@ldlkm.com |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| ATTORNEY DOCKET NUMBER | ROBINS 10.0-007 |
| OTHER APPOINTED ATTORNEY(S) | Raymond W. Augustin, Michael N. Berg, Daniel H. Bobis, Richard J. Botos, Michael D. Braunstein, April M. Capati, Konstantin A. Caploon, Scott E. Charney, Frank J. Chesky, Raymond B. Churchill, Jr., Harvey L. Cohen, Robert B. Cohen, Jonathan A. David, Sidney David, Jeffrey S. Dickey, Michael J. Doherty, Arnold B. Dompieri, Kelly I. Dunham, Russell W. Faegenburg, Shawn P. Foley, Raymond Garguilo, Jr., Gregory S. Gewirtz, Keith E. Gilman, Stephen B. Goldman, Matthew E. Hanley, Douglas T. Hudson, Kelly Y. Hwang, Samantha M. Kameros, Charles P. Kennedy, Paul H. Kochanski, Arnold H. Krumholz, Joseph B. Lerch, Lawrence I. Lerner, Joseph S. Littenberg, William L. Mentlik, Marcus J. Millet, Daryl K. Neff, John R. Nelson, George K. Ng, Thomas M. Palisi, Bruno Polito, Steven Procaccini, Stephen F. Roth, Lawrence E. Russ, Bruce H. Sales, Dennis M. Smid, Michael H. Teschner, Roy H. Wepner, Daniel J. Woods, Andrew T. Zidel |
| **CORRESPONDENCE SECTION** | |
| NAME | Robert B. Cohen |
| FIRM NAME | Lerner, David, Littenberg, Krumholz & Mentlik, LLP |
| STREET | 600 South Avenue West |
| CITY | Westfield |
| STATE | NJ |

| | |
|---|---|
| ZIP/POSTAL CODE | 07090 |
| COUNTRY | United States |
| PHONE | (908) 654-5000 |
| FAX | (908) 654-7866 |
| EMAIL | trademarkadmin@ldlkm.com |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| **FILING INFORMATION** | |
| SUBMIT DATE | Thu May 05 15:35:33 EDT 2005 |
| TEAS STAMP | USPTO/BAS-20799970-200505 05153533993522-78623950-2 009223b1583c725658054d476 d8a38a7c-DA-192-200505051 53328777444 |

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 78623950**
**Filing Date: 05/05/2005**

### To the Commissioner for Trademarks:

**MARK:** (Standard Characters, see mark)
The mark consists of standard characters, without claim to any particular font, style, size, or color.
The literal element of the mark consists of MASTER G.
The applicant, Jr. Joseph R. Robinson, a citizen of United States, residing at 433 Liberty Road, Englewood, NJ, United States, 07631, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

International Class 025: APPAREL

International Class 041: ENTERTAINMENT SERVICES NAMELY LIVE MUSICAL PERFORMANCES

The applicant hereby appoints Robert B. Cohen and Raymond W. Augustin, Michael N. Berg, Daniel H. Bobis, Richard J. Botos, Michael D. Braunstein, April M. Capati, Konstantin A. Caploon, Scott E. Charney, Frank J. Chesky, Raymond B. Churchill, Jr., Harvey L. Cohen, Robert B. Cohen, Jonathan A. David, Sidney David, Jeffrey S. Dickey, Michael J. Doherty, Arnold B. Dompieri, Kelly I. Dunham, Russell W. Faegenburg, Shawn P. Foley, Raymond Garguilo, Jr., Gregory S. Gewirtz, Keith E. Gilman, Stephen B. Goldman, Matthew E. Hanley, Douglas T. Hudson, Kelly Y. Hwang, Samantha M. Kameros, Charles P. Kennedy, Paul H. Kochanski, Arnold H. Krumholz, Joseph B. Lerch, Lawrence I. Lerner, Joseph S. Littenberg, William L. Mentlik, Marcus J. Millet, Daryl K. Neff, John R. Nelson, George K. Ng, Thomas M. Palisi, Bruno Polito, Steven Procaccini, Stephen F. Roth, Lawrence E. Russ, Bruce H. Sales, Dennis M. Smid, Michael H. Teschner, Roy H. Wepner, Daniel J. Woods, Andrew T. Zidel of Lerner, David, Littenberg, Krumholz & Mentlik, LLP, 600 South Avenue West, Westfield, NJ, United States, 07090 to submit this application on behalf of the applicant. The attorney docket/reference number is ROBINS 10.0-007.
The USPTO is authorized to communicate with the applicant or its representative at the following email address: trademarkadmin@ldlkm.com.
A fee payment in the amount of $650 will be submitted with the application, representing payment for 2 class(es).

**Declaration**

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the

trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.
Signature: /Robert B. Cohen/ Date: 05/05/2005
Signatory's Name: Robert B. Cohen
Signatory's Position: Attorney of Record
Mailing Address:
Robert B. Cohen
600 South Avenue West
Westfield, NJ 07090
RAM Sale Number: 192
RAM Accounting Date: 05/06/2005
Serial Number: 78623950
Internet Transmission Date: Thu May 05 15:35:33 EDT 2005
TEAS Stamp: USPTO/BAS-20799970-20050505153533993522-78623950-2009223b1583c725658054d476d8a38
a7c-DA-192-20050505153328777444

# MASTER G

EXHIBIT “D”

TRADEMARK
ROBINS 10.0-007

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of Joseph R. Robinson, Jr. | |
| Serial No. 78/623,950 | Law Office: 114 |
| Filed: May 5, 2005 | Classes: 25, 41 |
| Mark: MASTER G | Examining Attorney: William T. Verhosek |

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

06-08-2006
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #40

**RESPONSE**

This is in response to the Official Action dated December 5, 2005.

**AMENDMENT**

Please amend the recitation of goods in International Class 25 to read as follows:

Casual apparel, namely, hats, shirts, pants, jackets, underwear and socks.

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as First Class Mail in an envelope addressed to Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451 on June 5, 2006.

(Signature)

Daniel J. Woods
(Typed or Printed Name of Person Signing Certificate)

**REMARKS**

The Examining Attorney has refused registration based on U.S. Registration No. 2456371 for MISTER G which the Examining Attorney contends would result in likelihood of confusion with Applicant's MASTER G mark. The Examining Attorney has also requested that Applicant amend the recitation of goods and services and has inquired whether "the name" in the mark identifies a particular living individual.

Addressing the technical matters first; Applicant has amended the recitation of goods in International Class 25 to read "Casual apparel, namely, hats, shirts, pants, jackets, underwear and socks." The Examining Attorney has also requested that Applicant amend the recitation of services in International Class 41. Applicant submits a number of registered trademarks (U.S. Registration Nos. 3011522, 3092952, 3002974, 2953751, 3066017, 3055086, 3037933, 3094152, 3015319, 3023276, and 2965267) which contain the same recitation of services in International Class 41. This evidences the fact that the Office has found Applicant's recitation of services in International Class 41 to be sufficiently clear. Therefore, it is submitted that an amendment to clarify the services in International Class 41 is unnecessary.

Regarding the Examining Attorney's inquiry into whether the mark identifies a particular living individual, Applicant submits that MASTER G does not identify a particular living individual.

Turning to the Examining Attorney's likelihood of confusion analysis, it is simply not likely that consumers would confuse the MISTER G mark which is used in connection

with tuxedos with the MASTER G mark which is used with casual clothing. Examining the relevant *DuPont* factors:

First we turn to similarity of the marks. Clearly the marks are different, visually, aurally, and in their commercial impression. MASTER G is not the same as MISTER G nor are they substantially similar. Visually the MA harmonizes the first two letters of the mark. It provides the inverse of the M thus producing the pattern . This pattern is lacking in the cited registration.

Aurally the marks differ as well. MASTER has an "a" sound in its first syllable whereas MISTER has a shorter "i" sound. This difference is especially important because, when spoken, the first syllable of each word carries the most stress.

Most importantly, the marks differ in their commercial impression. As shown by the definition provided by the Examining Attorney, MASTER and MISTER differ in their meaning. Although the Examining Attorney suggests that they are similar merely because they both contain a term that is *sometimes* used as a courtesy title; this would mean that Mistress, Ms., Madam, esquire, most honorable, right honorable, professor, colonel, lord, lady, the honorable, etc., would all be equally similar. When perceived by the consumer the terms MASTER and MISTER differ vastly in their commercial impression. "Mister" conveys the impression of a proper adult male, which rightly suggests the goods, tuxedos, sold under the mark. "Master" conveys an impression of power or control over others, as shown by the definitions provided by the examiner: "one that has control over another or others," "owner of a slave or an animal," "one who has control over or ownership of something,"

a "captain," "an employer," the male head of a house hold, a victor, a teacher, Jesus, etc. Moreover, in the context of casual clothing, the word MASTER suggests the urban lifestyle personified by rappers who use a moniker such as MASTER ___. This is clearly a different impression than that conveyed by the MISTER G mark as it relates to tuxedos.

Likewise, the G portion of the two marks conveys different impressions as well. When considered with respect to the goods covered by the marks, Registrant's use of G is reminiscent of GQ or Gentlemen's Quarterly thus suggesting that MISTER G is a gentleman. In contrast, the use of G in connection with casual clothing again suggests the hip urban lifestyle where G can be slang for "gangster" or "money" (signifying grand) or simply an exclamation as in "g whiz."

Thus, when viewing the marks in their entireties Registrant's mark conveys the impression of style and sophistication of being a proper gentleman whereas Applicant's mark conveys the impression that MASTER G is powerful and rich gangster. Clearly, the impressions conveyed by the marks are sufficiently different that consumers are not likely to become confused as to the source of origin of the goods covered by the marks.

Likewise, the goods covered by the marks are drastically different. The goods covered by Applicant's mark are casual clothing. This is contrasted with the ultra-formal clothing, tuxedos, covered by registrant's mark. Consumers are simply not likely to confuse the source of origin of a shirt or a hat with that of a tuxedo.

While both marks cover clothing, the style and types of clothing covered by each mark are so different that even the channels of trade are different. Tuxedos are typically rented

and sold in stores specializing in formal wear. While such stores may rent/sell tuxedos, patent leather shoes, tuxedo shirts, bow ties, formal vests, and cummerbunds, such stores would not sell the casual attire sold under Applicant's mark. Applicant's goods would be sold in either niche stores of their own which cater to casual clothing or perhaps in department stores in the casual clothing section. Therefore, the typical consumer will not even come across both types of goods in a single shopping experience and is thus not likely to confuse the marks.

Additionally, there are many marks covering clothing that contain the word MASTER. Applicant directs the Examiner's attention specifically two registrations, U.S. Registration Nos. 3021562 (for MASTER GEAR) and 2067367 (for MASTER MADE), USPTO printouts are enclosed. Likewise there are many marks that cover clothing and contain the word G. Applicant directs the Examiner's attention specifically to U.S. Registration Nos. 3087402 (for TONY G with design), 3050884 (for IZOD G with design), 2978056 (for G with design), 3089251 (for G GANGIAN with design) and 2898701 (for GIMP G with design), USPTO printouts are enclosed. The words making up Applicant's mark are not uncommon in the clothing industry. Likewise, as evidenced by the enclosed registrations, marks consisting of MASTER _____ or _____ G and which cover clothing are also quite common. This serves to illustrate that consumers are acutely aware that there are marks bearing some resemblance to those of Applicant's and Registrant's such that consumers would look to other factors to distinguish between the source of origin of good bearing those marks in connection with the recited goods. Therefore consumers would not be likely to confuse the marks.

Simply put, the marks, coupled with the goods covered by them, are sufficiently different so as to avoid any likelihood of confusion. Consumers are not going to confuse the source of origin of a hat or shirt with that of a tuxedo, not even if the shirt is one of the ones with the picture of a tuxedo silk-screened onto the front. Confusion between the two marks is simply unlikely.

As all issues in the present Office Action have been addressed, Applicant respectfully suggests that the present application is in condition for publication.

The examining attorney has refused registration based on a plurality of registrations that the examining attorney contends would result in likelihood of confusion.

No fee is deemed necessary for this response. However, if the Examining Attorney believes a fee is appropriate he is authorized to charge Deposit Account No. 12-1095.

If the Examining Attorney has any questions concerning this matter, he is encouraged to contact Applicant's counsel by telephone.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Telephone: (908) 654-5000
Facsimile: (908) 654-7866
E-mail: dwoods@ldlkm.com

Dated: June 5, 2006

By: [signature]

DANIEL J. WOODS

EXHIBIT "E"

## OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 78623950 | FILING DATE | 05/05/2005 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | TRADEMARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | VERHOSEK, WILLIAM T | L.O. ASSIGNED | 114 |

## PUB INFORMATION

| | |
|---|---|
| RUN DATE | 07/15/2006 |
| PUB DATE | N/A |
| STATUS | 680-APPROVED FOR PUBLICATON |
| STATUS DATE | 07/14/2006 |
| LITERAL MARK ELEMENT | MASTER G |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

## FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | NO | 1 (a) | NO | 1 (a) | NO |
| 1 (b) | YES | 1 (b) | YES | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |

| | | | | | |
|---|---|---|---|---|---|
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

## MARK DATA

| | |
|---|---|
| STANDARD CHARACTER MARK | YES |
| LITERAL MARK ELEMENT | MASTER G |
| MARK DRAWING CODE | 4-STANDARD CHARACTER MARK |
| COLOR DRAWING FLAG | NO |

## CURRENT OWNER INFORMATION

| | |
|---|---|
| PARTY TYPE | 10-ORIGINAL APPLICANT |
| NAME | Joseph R. Robinson, Jr. |
| ADDRESS | 433 Liberty Road<br>Englewood, NJ 07631 |
| ENTITY | 01-INDIVIDUAL |
| CITIZENSHIP | United States of America |

## GOODS AND SERVICES

| | |
|---|---|
| INTERNATIONAL CLASS | 025 |
| DESCRIPTION TEXT | Casual apparel, namely, hats, shirts, pants, jackets, underwear and socks |
| | |
| INTERNATIONAL CLASS | 041 |
| DESCRIPTION TEXT | ENTERTAINMENT SERVICES NAMELY LIVE MUSICAL PERFORMANCES |
| | |

## GOODS AND SERVICES CLASSIFICATION

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| INTERNATIONAL CLASS | 025 | FIRST USE DATE | NONE | FIRST USE IN COMMERCE DATE | NONE | CLASS STATUS | 6-ACTIVE |
| | | | | | | | |
| INTERNATIONAL CLASS | 041 | FIRST USE DATE | NONE | FIRST USE IN COMMERCE DATE | NONE | CLASS STATUS | 6-ACTIVE |

| MISCELLANEOUS INFORMATION/STATEMENTS | |
|---|---|
| CHANGE IN REGISTRATION | NO |
| NAME/PORTRAIT DESC/CONSENT | MASTER G does not identify a particular living individual. |

**PROSECUTION HISTORY**

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
|---|---|---|---|---|
| 07/14/2006 | CNSA | P | APPROVED FOR PUB - PRINCIPAL REGISTER | 008 |
| 07/06/2006 | ACEC | I | AMENDMENT FROM APPLICANT ENTERED | 007 |
| 06/08/2006 | CRFA | I | CORRESPONDENCE RECEIVED IN LAW OFFICE | 006 |
| 06/08/2006 | MAIL | I | PAPER RECEIVED | 005 |
| 12/05/2005 | GNRT | F | NON-FINAL ACTION E-MAILED | 004 |
| 12/05/2005 | CNRT | R | NON-FINAL ACTION WRITTEN | 003 |
| 12/03/2005 | DOCK | D | ASSIGNED TO EXAMINER | 002 |
| 05/13/2005 | NWAP | I | NEW APPLICATION ENTERED IN TRAM | 001 |

**CURRENT CORRESPONDENCE INFORMATION**

| | |
|---|---|
| ATTORNEY | Robert B. Cohen |
| CORRESPONDENCE ADDRESS | ROBERT B. COHEN<br>LERNER, DAVID, LITTENBERG, KRUMHOLZ & ME<br>600 SOUTH AVE W STE 3<br>WESTFIELD, NJ 07090-1497 |
| DOMESTIC REPRESENTATIVE | NONE |

# MASTER G

EXHIBIT "F"

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 78623958**
**Filing Date: 05/05/2005**

**The table below presents the data as entered.**

| | |
|---|---|
| **MARK SECTION** | |
| MARK | MASTER GEE |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | MASTER GEE |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **OWNER SECTION** | |
| NAME | Joseph R. Robinson, Jr. |
| STREET | 433 Liberty Road |
| CITY | Englewood |
| STATE | NJ |
| ZIP/POSTAL CODE | 07631 |
| COUNTRY | United States |
| PHONE | (201) 503-1344 |
| AUTHORIZED EMAIL COMMUNICATION | No |
| **LEGAL ENTITY SECTION** | |
| TYPE | INDIVIDUAL |
| COUNTRY OF CITIZENSHIP | United States |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 025 |
| DESCRIPTION | APPAREL |
| FILING BASIS | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 041 |
| DESCRIPTION | ENTERTAINMENT SERVICES NAMELY LIVE MUSICAL PERFORMANCES |
| FILING BASIS | Section 1(b) |
| **SIGNATURE SECTION** | |

| | |
|---|---|
| SIGNATURE | /Robert B. Cohen/ |
| SIGNATORY NAME | Robert B. Cohen |
| SIGNATORY DATE | 05/05/2005 |
| SIGNATORY POSITION | Attorney of Record |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES | 2 |
| NUMBER OF CLASSES PAID | 2 |
| SUBTOTAL AMOUNT | 650 |
| TOTAL AMOUNT | 650 |
| **ATTORNEY** | |
| NAME | Robert B. Cohen |
| FIRM NAME | Lerner, David, Littenberg, Krumholz & Mentlik, LLP |
| STREET | 600 South Avenue West |
| CITY | Westfield |
| STATE | NJ |
| ZIP/POSTAL CODE | 07090 |
| COUNTRY | United States |
| PHONE | (908)654-5000 |
| FAX | (908) 654-7866 |
| EMAIL | trademarkadmin@ldlkm.com |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| ATTORNEY DOCKET NUMBER | ROBINS 10.0-008 |
| OTHER APPOINTED ATTORNEY(S) | Raymond W. Augustin, Michael N. Berg, Daniel H. Bobis, Richard J. Botos, Michael D. Braunstein, April M. Capati, Konstantin A. Caploon, Scott E. Charney, Frank J. Chesky, Raymond B. Churchill, Jr., Harvey L. Cohen, Robert B. Cohen, Jonathan A. David, Sidney David, Jeffrey S. Dickey, Michael J. Doherty, Arnold B. Dompieri, Kelly I. Dunham, Russell W. Faegenburg, Shawn P. Foley, Raymond Garguilo, Jr., Gregory S. Gewirtz, Keith E. Gilman, Stephen B. Goldman, Matthew E. Hanley, Douglas T. Hudson, Kelly Y. Hwang, Samantha M. Kameros, Charles P. Kennedy, Paul H. Kochanski, Arnold H. Krumholz, Joseph B. Lerch, Lawrence I. Lerner, Joseph S. Littenberg, William L. Mentlik, Marcus J. Millet, Daryl K. Neff, John R. Nelson, George K. Ng, Thomas M. Palisi, Bruno Polito, Steven Procaccini, Stephen F. Roth, Lawrence E. Russ, Bruce H. Sales, Dennis M. Smid, Michael H. Teschner, Roy H. Wepner, Daniel J. Woods, Andrew T. Zidel |
| **CORRESPONDENCE SECTION** | |
| NAME | Robert B. Cohen |
| FIRM NAME | Lerner, David, Littenberg, Krumholz & Mentlik, LLP |
| STREET | 600 South Avenue West |
| CITY | Westfield |
| STATE | NJ |

| | |
|---|---|
| ZIP/POSTAL CODE | 07090 |
| COUNTRY | United States |
| PHONE | (908)654-5000 |
| FAX | (908) 654-7866 |
| EMAIL | trademarkadmin@ldlkm.com |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| **FILING INFORMATION** | |
| SUBMIT DATE | Thu May 05 15:38:51 EDT 2005 |
| TEAS STAMP | USPTO/BAS-20799970-200505 05153851393526-78623958-2 0031d1d560cb2dfd62c825c47 36545651-DA-197-200505051 53805619495 |

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 78623958**
**Filing Date: 05/05/2005**

### To the Commissioner for Trademarks:

**MARK:** (Standard Characters, see mark)
The mark consists of standard characters, without claim to any particular font, style, size, or color.
The literal element of the mark consists of MASTER GEE.
The applicant, Jr. Joseph R. Robinson, a citizen of United States, residing at 433 Liberty Road, Englewood, NJ, United States, 07631, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).
International Class 025: APPAREL
International Class 041: ENTERTAINMENT SERVICES NAMELY LIVE MUSICAL PERFORMANCES
The applicant hereby appoints Robert B. Cohen and Raymond W. Augustin, Michael N. Berg, Daniel H. Bobis, Richard J. Botos, Michael D. Braunstein, April M. Capati, Konstantin A. Caploon, Scott E. Charney, Frank J. Chesky, Raymond B. Churchill, Jr., Harvey L. Cohen, Robert B. Cohen, Jonathan A. David, Sidney David, Jeffrey S. Dickey, Michael J. Doherty, Arnold B. Dompieri, Kelly I. Dunham, Russell W. Faegenburg, Shawn P. Foley, Raymond Garguilo, Jr., Gregory S. Gewirtz, Keith E. Gilman, Stephen B. Goldman, Matthew E. Hanley, Douglas T. Hudson, Kelly Y. Hwang, Samantha M. Kameros, Charles P. Kennedy, Paul H. Kochanski, Arnold H. Krumholz, Joseph B. Lerch, Lawrence I. Lerner, Joseph S. Littenberg, William L. Mentlik, Marcus J. Millet, Daryl K. Neff, John R. Nelson, George K. Ng, Thomas M. Palisi, Bruno Polito, Steven Procaccini, Stephen F. Roth, Lawrence E. Russ, Bruce H. Sales, Dennis M. Smid, Michael H. Teschner, Roy H. Wepner, Daniel J. Woods, Andrew T. Zidel of Lerner, David, Littenberg, Krumholz & Mentlik, LLP, 600 South Avenue West, Westfield, NJ, United States, 07090 to submit this application on behalf of the applicant. The attorney docket/reference number is ROBINS 10.0-008.
The USPTO is authorized to communicate with the applicant or its representative at the following email address: trademarkadmin@ldlkm.com.
A fee payment in the amount of $650 will be submitted with the application, representing payment for 2 class(es).

**Declaration**

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the

trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /Robert B. Cohen/ Date: 05/05/2005
Signatory's Name: Robert B. Cohen
Signatory's Position: Attorney of Record
Mailing Address:
Robert B. Cohen
600 South Avenue West
Westfield, NJ 07090
RAM Sale Number: 197
RAM Accounting Date: 05/06/2005
Serial Number: 78623958
Internet Transmission Date: Thu May 05 15:38:51 EDT 2005
TEAS Stamp: USPTO/BAS-20799970-20050505153851393526-
78623958-20031d1d560cb2dfd62c825c4736545
651-DA-197-20050505153805619495

# MASTER GEE

EXHIBIT "G"

TRADEMARK
ROBINS 10.0-008

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of Joseph R. Robinson, Jr. | Law Office: 114 |
| Serial No. 78/623,958 | Classes: 25, 41 |
| Filed: May 5, 2005 | Examining Attorney: William T. Verhosek |
| Mark: MASTER GEE | |

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**RESPONSE**

This is in response to the Official Action dated December 5, 2005.

**AMENDMENT**

Please amend the recitation of goods in International Class 25 to read as follows:

Casual apparel, namely, hats, shirts, pants, jackets, underwear and socks.

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as First Class Mail in an envelope addressed to Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451 on June 5, 2006.

(Signature)

Daniel J. Woods
(Typed or Printed Name of Person Signing Certificate)

06-08-2006
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #34

**REMARKS**

The Examining Attorney has refused registration based on U.S. Registration No. 2456371 for MISTER G which the Examining Attorney contends would result in likelihood of confusion with Applicant's MASTER GEE mark. The Examining Attorney has also requested that Applicant amend the recitation of goods and services and has inquired whether "the name" in the mark identifies a particular living individual.

Addressing the technical matters first; Applicant has amended the recitation of goods in International Class 25 to read "Casual apparel, namely, hats, shirts, pants, jackets, underwear and socks." The Examining Attorney has also requested that Applicant amend the recitation of services in International Class 41. Applicant submits a number of registered trademarks (U.S. Registration Nos. 3011522, 3092952, 3002974, 2953751, 3066017, 3055086, 3037933, 3094152, 3015319, 3023276, and 2965267) which contain the same recitation of services in International Class 41. This evidences the fact that the Office has found Applicant's recitation of services in International Class 41 to be sufficiently clear. Therefore, it is submitted that an amendment to clarify the services in International Class 41 is unnecessary.

Regarding the Examining Attorney's inquiry into whether the mark identifies a particular living individual, Applicant submits that MASTER GEE does not identify a particular living individual.

Turning to the Examining Attorney's likelihood of confusion analysis, it is simply not likely that consumers would confuse the MISTER G mark which is used for tuxedos with

the MASTER GEE mark which is used with casual clothing. Examining the relevant *DuPont* factors:

First we turn to similarity of the marks. Clearly the marks are different, visually, aurally, and in their commercial impression. MASTER GEE is not the same as MISTER G nor are they substantially similar. Visually the marks differ, both words, MASTER vs. MISTER and GEE vs. G, are different. Likewise, the length of the GEE vs. G serves to differentiate the marks; whereas MASTER GEE is visually much longer and, although not symmetrical, more balanced, MISTER G is much shorter and appears truncated with a single letter at the end.

Aurally the marks differ as well. MASTER has an "a" sound in its first syllable whereas MISTER has a shorter "i" sound. This difference is especially important because, when spoken, the first syllable of each word carries the most stress.

Most importantly, the marks differ in their commercial impression. As shown by the definition provided by the Examining Attorney, MASTER and MISTER differ in their meaning. Although the Examining Attorney suggests that they are similar merely because they both contain a term that is *sometimes* used as a courtesy title; this would mean that Mistress, Ms., Madam, esquire, most honorable, right honorable, professor, colonel, lord, lady, the honorable, etc., would all be equally similar. When perceived by the consumer the terms MASTER and MISTER differ vastly in their commercial impression. "Mister" conveys the impression of a proper adult male, which rightly suggests the goods, tuxedos, sold under the mark. "Master" conveys an impression of power or control over others, as shown by the definitions provided by the examiner: "one that

has control over another or others," "owner of a slave or an animal," "one who has control over or ownership of something," a "captain," "an employer," the male head of a house hold, a victor, a teacher, Jesus, etc. Moreover, in the context of casual clothing, the word MASTER suggests the urban lifestyle personified by rappers who use a moniker such as MASTER ___. This is clearly a different impression than that conveyed by the MISTER G mark as it relates to tuxedos.

Likewise, the G or GEE portion of the two marks conveys different impressions as well. When considered with respect to the goods covered by the marks, Registrant's use of G is reminiscent of GQ or Gentlemen's Quarterly thus suggesting that MISTER G is a gentleman. In contrast, the use of GEE in connection with casual clothing again suggests the hip urban lifestyle where GEE can be slang for "gangster" or "money" (signifying grand) or simply an exclamation such as "gee whiz."

Thus, when viewing the marks in their entireties Registrant's mark conveys the impression of style and sophistication of being a proper gentleman whereas Applicant's mark suggests that MASTER GEE is a gangster or rich or both. Clearly, the impressions conveyed by the marks are sufficiently different that consumers are not likely to become confused as to the source of origin of the goods covered by the marks.

Likewise, the goods covered by the marks are drastically different. The goods covered by Applicant's mark are casual clothing. This is contrasted with the ultra-formal clothing, tuxedos, covered by registrant's mark. Consumers are simply not likely to confuse the source of origin of a shirt or a hat with that of a tuxedo.

While both marks cover clothing, the style and types of clothing covered by each mark are so different that even the channels of trade are different. Tuxedos are typically rented and sold in stores specializing in formal wear. While such stores may rent/sell tuxedos, patent leather shoes, tuxedo shirts, bow ties, formal vests, and cummerbunds, such stores would not sell the casual attire sold under Applicant's mark. Applicant's goods would be sold in either niche stores of their own which cater to casual clothing or perhaps in department stores in the casual clothing section. Therefore, the typical consumer will not even come across both types of goods in a single shopping experience and is thus not likely to confuse the marks.

Additionally, there are many marks covering clothing that contain the word MASTER. Applicant directs the Examiner's attention specifically two registrations, U.S. Registration Nos. 3021562 (for MASTER GEAR) and 2067367 (for MASTER MADE), USPTO print-outs are enclosed. Likewise there are many marks that cover clothing and contain the word GEE. Applicant directs the Examiner's attention specifically to U.S. Registration Nos. 2339840 (for GEE STREET) and 2580570 (for GEE BEE), USPTO print-outs are enclosed. The words making up Applicant's mark are not uncommon in the clothing industry. Likewise, as evidenced by the enclosed registrations, marks consisting of MASTER _____ and which cover clothing are also quite common. This serves to illustrate that consumers are acutely aware that there are marks bearing some resemblance to those of Applicant's and Registrant's such that consumers would look to other factors to distinguish between the source of origin of good bearing those marks in connection with the

recited goods. Therefore consumers would not be likely to confuse the marks.

Simply put, the marks, coupled with the goods covered by them, are sufficiently different so as to avoid any likelihood of confusion. Consumers are not going to confuse the source of origin of a hat or shirt with that of a tuxedo, not even if the shirt is one of the ones with the picture of a tuxedo silk-screened onto the front. Confusion between the two marks is simply unlikely.

As all issues in the present Office Action have been addressed, Applicant respectfully suggests that the present application is in condition for publication.

No fee is deemed necessary for this response. However, if the Examining Attorney believes a fee is appropriate he is authorized to charge Deposit Account No. 12-1095.

If the Examining Attorney has any questions concerning this matter, he is encouraged to contact Applicant's counsel by telephone.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Telephone: (908) 654-5000
Facsimile: (908) 654-7866
E-mail: dwoods@ldlkm.com

Dated: June 5, 2006

By: ____________________
DANIEL J. WOODS

EXHIBIT "H"

## OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 78623958 | FILING DATE | 05/05/2005 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | TRADEMARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | VERHOSEK, WILLIAM T | L.O. ASSIGNED | 114 |

## PUB INFORMATION

| | |
|---|---|
| RUN DATE | 07/25/2006 |
| PUB DATE | N/A |
| STATUS | 680-APPROVED FOR PUBLICATON |
| STATUS DATE | 07/24/2006 |
| LITERAL MARK ELEMENT | MASTER GEE |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

## FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | NO | 1 (a) | NO | 1 (a) | NO |
| 1 (b) | YES | 1 (b) | YES | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |

| | | | | | |
|---|---|---|---|---|---|
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

**MARK DATA**

| | |
|---|---|
| STANDARD CHARACTER MARK | YES |
| LITERAL MARK ELEMENT | MASTER GEE |
| MARK DRAWING CODE | 4-STANDARD CHARACTER MARK |
| COLOR DRAWING FLAG | NO |

**CURRENT OWNER INFORMATION**

| | |
|---|---|
| PARTY TYPE | 10-ORIGINAL APPLICANT |
| NAME | Joseph R. Robinson, Jr. |
| ADDRESS | 433 Liberty Road<br>Englewood, NJ 07631 |
| ENTITY | 01-INDIVIDUAL |
| CITIZENSHIP | United States of America |

**GOODS AND SERVICES**

| | |
|---|---|
| INTERNATIONAL CLASS | 025 |
| DESCRIPTION TEXT | CASUAL APPAREL, NAMELY, HATS, SHIRTS, PANTS, JACKETS, UNDERWEAR AND SOCKS |
| | |
| INTERNATIONAL CLASS | 041 |
| DESCRIPTION TEXT | ENTERTAINMENT SERVICES NAMELY LIVE MUSICAL PERFORMANCES |
| | |

**GOODS AND SERVICES CLASSIFICATION**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| INTERNATIONAL CLASS | 025 | FIRST USE DATE | NONE | FIRST USE IN COMMERCE DATE | NONE | CLASS STATUS | 6-ACTIVE |
| | | | | | | | |
| INTERNATIONAL CLASS | 041 | FIRST USE DATE | NONE | FIRST USE IN COMMERCE DATE | NONE | CLASS STATUS | 6-ACTIVE |

## MISCELLANEOUS INFORMATION/STATEMENTS

| | |
|---|---|
| CHANGE IN REGISTRATION | NO |
| NAME/PORTRAIT DESC/CONSENT | The name in the mark does not identify a living individual. |

## PROSECUTION HISTORY

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
|---|---|---|---|---|
| 07/24/2006 | CNSA | P | APPROVED FOR PUB - PRINCIPAL REGISTER | 008 |
| 07/08/2006 | ACEC | I | AMENDMENT FROM APPLICANT ENTERED | 007 |
| 06/08/2006 | CRFA | I | CORRESPONDENCE RECEIVED IN LAW OFFICE | 006 |
| 06/08/2006 | MAIL | I | PAPER RECEIVED | 005 |
| 12/05/2005 | GNRT | F | NON-FINAL ACTION E-MAILED | 004 |
| 12/05/2005 | CNRT | R | NON-FINAL ACTION WRITTEN | 003 |
| 12/03/2005 | DOCK | D | ASSIGNED TO EXAMINER | 002 |
| 05/13/2005 | NWAP | I | NEW APPLICATION ENTERED IN TRAM | 001 |

## CURRENT CORRESPONDENCE INFORMATION

| | |
|---|---|
| ATTORNEY | Robert B. Cohen |
| CORRESPONDENCE ADDRESS | ROBERT B. COHEN<br>LERNER, DAVID, LITTENBERG, KRUMHOLZ & ME<br>600 SOUTH AVE W STE 3<br>WESTFIELD, NJ 07090-1497 |
| DOMESTIC REPRESENTATIVE | NONE |

# MASTER GEE